# United States Court of Appeals

## For the Eleventh Circuit

No. 02-14089 JJ

District Court Docket No.
01-00441-CV-T-17

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Dec 17, 2003

THOMAS K. KAHN
CLERK

EUGENE C. ANDERSON,
CYNTHIA BAILEY WATSON,
ROGER DAE PICKETT,
MARVIN CARNAGEY,
KEITH DOTSON,
Individually and on behalf of all
others similarly situated,
            Plaintiffs-Appellants,

JIM BRAUM, LINUS SOLBERG,
BETTY JANSSEN,

            Plaintiffs

versus

SMITHFIELD FOODS, INC., JOSEPH W. LUTER, III,

            Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

No. 02-15657

District Court Docket No.
01-00441 CV-T-17

EUGENE C. ANDERSON,
CYNTHIA BAILEY WATSON,
ROGER DAE PICKETT,
MARVIN CARNAGEY, KEITH DOTSON,
DON WEBB, Individually and on behalf of all
others similarly situated,

            Plaintiffs-Appellants,

JIM BRAUM, LINUS SOLBERG, BETTY JANSSEN,

Plaintiffs,

DOUGLAS B. ABRAMS,
ABRAMS & ABRAMS, P.A.,
F. KENNETH BAILEY, JR.,
STEVE ECHSNER,
HIRAM EASTLAND,
EASTLAND LAW OFFICES,
DIANA L. FULLER,
ROBERT F. KENNEDY, JR.,
LEVIN, PAPANTONIO, THOMAS, MITCHELL, ECHSNER & PROCTOR, P.A.,
LIEFF, CABRASER, HEIMANN & BERNSTEIN,
RICHARD H. MIDDLETON, JR.,
NEIL OVERHOLTZ, J. MICHAEL PAPANTONIO,
PAYNE & JONES, CHARTERED,
JAN SCHLICHTMAN,
HERBERT T. SCHWARTZ,
SEEGER WEISS L.L.P.,
SMITH AND FULLER,
THOMAS SOBOL,
CHARLES F. SPEER,
SUGGS, KELLY & MIDDLETON,
STEPHEN WEISS,
JOE R. WHATLEY, JR.,
WHATLEY & DRAKE, L.L.C.,
WILLIAMS BAILEY LAW FIRM, L.L.P.,

Interested Parties-Appellants,

versus

SMITHFIELD FOODS, INC.,
JOSEPH W. LUTER, III,

Defendants-Appellees.

-----------------------------------------------------------------------

Appeals from the United States District Court
for the Middle District of Florida

-----------------------------------------------------------------------

## J U D G M E N T

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: December 17, 2003
For the Court: Thomas K. Kahn, Clerk
By: Gilman, Nancy

ISSUED AS MANDATE
JAN 2 2 2004
U.S. COURT OF APPEALS
ATLANTA, GA.

ANDERSON v. SMITHFIELD FOODDS, INC.    723

Eugene C. ANDERSON, Cynthia Bailey
Watson, et al., Plaintiffs–
Appellants,

v.

SMITHFIELD FOODS, INC., Joseph W.
Luter, III, Defendants–Appellees.

Eugene C. Anderson, Cynthia Bailey
Watson, et al., Plaintiffs–
Appellants,

Douglas B. Abrams, Abrams & Abrams,
P.A., et al., Interested Parties–
Appellants,

v.

Smithfield Foods, Inc., Joseph W. Luter,
III, Defendants–Appellees.

Nos. 02–14089, 02–15657.

United States Court of Appeals,
Eleventh Circuit.

Dec. 17, 2003.

Neighboring landowners filed proposed class action alleging that pork processor and hog producer and its principal violated Racketeer Influenced and Corrupt Organizations Act (RICO) by violating federal environmental laws and misrepresenting to public and government agencies their compliance with those laws. After dismissal of first amended complaint for failure to state a claim, 209 F.Supp.2d 1270, and dismissal of second amended complaint for failure to state a claim, 207 F.Supp.2d 1358, the United States District Court for the Middle District of Florida, No. 01–00441–CV–T–17, Elizabeth A. Kovachevich, J., 209 F.Supp.2d 1278, granted defendants' motions for sanctions with respect to the second amended com-

plaint. Plaintiffs appealed. The Court of Appeals held that imposition of Rule 11 sanctions for filing a second amended complaint asserting a RICO claim after first amended complaint, which also asserted a RICO claim, was dismissed for failure to state a claim, was an abuse of discretion.

Affirmed in part and reversed in part.

1. Federal Courts ⚖813

The Court of Appeals reviews for an abuse of discretion the district court's imposition of sanctions. Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.A.

2. Federal Civil Procedure ⚖2769

The standard for testing conduct under rule governing imposition of sanctions is reasonableness under the circumstances. Fed. Rules Civ.Proc.Rule 11, 28 U.S.C.A.

3. Federal Civil Procedure ⚖2768, 2790

A district court has the discretion to award Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose. Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.A.

4. Federal Civil Procedure ⚖2789

Imposition of Rule 11 sanctions for filing second amended complaint asserting a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO) after first amended complaint, which also asserted a RICO claim, was dismissed for failure to state a claim, was an abuse of discretion; although

Synopsis, Headnotes and Key Number Classification
COPYRIGHT © 2003 by West, a Thomson business

The Synopsis, Headnotes and Key Number Classification constitute no part of the opinion of the court.

724            **ANDERSON v. SMITHFIELD FOODDS, INC.**

the district court, upon dismissal of the first amended complaint, stated that RICO was not an available remedy, the dismissal order also pointed out pleading defects in the RICO claims and granted leave to file a second amended complaint, and there was scant on-point authority to guide a reasonable lawyer as to viability of the claim asserted in the second amended complaint. 18 U.S.C.A. § 1961 et seq.; Fed.Rules Civ.Proc. Rule 11, 28 U.S.C.A.

---

Appeals from the United States District Court for the Middle District of Florida.

Before HULL and COX, Circuit Judges, and PAUL *, District Judge.

PER CURIAM:

## I. INTRODUCTION

A group of landowners appeals the district court's judgment dismissing their civil action and imposing sanctions on their counsel in the amount of $128,563.43. We affirm dismissal of the action, but reverse the award of sanctions.

## II. BACKGROUND & PROCEDURAL HISTORY

Plaintiffs Eugene C. Anderson, Cynthia Bailey Watson, Roger Dae Pickett, Marvin Carnagey, Keith Dotson, Jim Braum, Linus Solberg, Betty Janssen, and Don Webb own land abutting Defendant Smithfield Foods, Inc., the world's largest hog producer and pork processor. Plaintiffs bring this putative class action on their own behalf and for all others similarly situated, alleging that Smithfield and its CEO, Joseph W. Luter, III, are liable under the civil provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, for business practices amounting to racketeering.

Plaintiffs' First Amended Complaint alleged that Defendants polluted land and water in violation of numerous laws and regulations, and lied about and profited from these environmental transgressions. Plaintiffs alleged that this conduct gives rise to liability under RICO because it constitutes a pattern of money laundering and wire and mail fraud. Defendants moved, under Fed. R.Civ.P. 12(b)(6), to dismiss the First Amended Complaint for failure to state a claim upon which relief can be granted. The district court granted the Defendants' motion. *Anderson v. Smithfield Foods, Inc.,* 209 F.Supp.2d 1270, 1278 (M.D.Fla.2002). The district court stated generally that RICO was not an available remedy:

> The Court recognizes Plaintiffs' concern for the impact that Defendants' business has on the environment. However, the Clean Air Act, the Clean Water Act, and a variety of other statutes were designed to protect against these hazards. Although Plaintiffs allege that Defendants consistently and constantly violate these statutes, RICO is not the proper remedy for Plaintiffs to vindicate their rights involving violations of these statutes.

*Id.* at 1275. The district court's order went on, however, to identify defects in the Plaintiffs' RICO claims, noting that the Plaintiffs had insufficiently alleged the specific intent required to prove mail and wire fraud, that

---

* Honorable Maurice M. Paul, United States District Judge for the Northern District of Florida,      sitting by designation.

their allegations that Defendants profited from violating environmental laws were insufficient to show money laundering, that the facts they alleged were too vague to show the enterprise required for RICO liability, and that they had failed to allege the harm required by RICO. *Id.* at 1275–76. The district court then gave the Plaintiffs thirty days to file another amended complaint. *Id.* at 1278.

The Plaintiffs then filed a Second Amended Complaint. They again sought to recover under RICO. In this complaint, however, they dropped the money laundering allegations, but elaborated on their mail and wire fraud allegations and added new allegations of extortion. Defendants again moved to dismiss under Rule 12(b)(6). The district court granted this second motion to dismiss. *Anderson v. Smithfield Foods, Inc.*, 207 F.Supp.2d 1358, 1365 (M.D.Fla.2002).

When the Defendants moved to dismiss the Second Amended Complaint, they also moved for sanctions under Fed.R.Civ.P. 11, asserting that the Plaintiffs had improperly pleaded RICO claims in the Second Amended Complaint. The district court granted the motion and imposed monetary sanctions in the amount of $128,563.43 to defray the fees and costs incurred by the Defendants in attacking the Second Amended Complaint. *Anderson v. Smithfield Foods, Inc.*, 209 F.Supp.2d 1278, 1282 (M.D.Fla.2002). The court imposed the sanctions because it concluded that the Plaintiffs had not made a reasonable inquiry into the viability of the RICO claims before filing the Second Amended Complaint. *Id.* at 1281. Specifically, the court stated:

> In dismissing the First Amended Complaint, the Court warned Plaintiffs that, although Plaintiffs could *possibly* have a cause of action against Defendants, they did not have a claim under RICO. After detailing the reasons why Plaintiffs did not

have a claim under RICO, this Court granted Plaintiffs leave to amend their complaint. Plaintiffs took the opportunity to amend their complaint, and Plaintiffs again brought a RICO claim, against this Court's advice.... [T]he Court finds that no reasonable attorney, especially in light of the dismissal of the First Amended Complaint and under the circumstances, could reasonably believe that the Second Amended Complaint had any reasonable chance of success or that it stated a claim of relief upon which relief could be granted.

*Id.* The Plaintiffs appeal.

## III.  ISSUES ON APPEAL AND CONTENTIONS OF THE PARTIES

The Plaintiffs contend that the district court erred in imposing sanctions related to the Second Amended Complaint. They contend, among other things, that it was reasonable for them to interpret the district court's order dismissing the First Amended Complaint as inviting an effort to remedy pleading defects in the RICO claims.

The Plaintiffs also contend that the district court erred in granting the Defendants' two motions to dismiss. We find these arguments meritless, and affirm the dismissal without further discussion. *See* 11th Cir. R. 36–1. In doing so, we affirm only the district court's ultimate conclusions that plaintiffs' complaints fail to state a claim on which relief can be granted, and do not endorse all of the district court's reasons for these conclusions. We do conclude, however, that the district court entered judgment for the defendants without a reversible error of law.

## IV.  STANDARD OF REVIEW

[1]  We review for an abuse of discretion the district court's imposition of sanctions

726                    ANDERSON v. SMITHFIELD FOODDS, INC.

under Rule 11. *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir.2001).

## V. DISCUSSION

[2–4] "The standard for testing conduct under amended Rule 11 is 'reasonableness under the circumstances.'" *United States v. Milam*, 855 F.2d 739, 743 (11th Cir.1988) (quoting *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir.1987) (en banc)). A district court has the discretion to award Rule 11 sanctions:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

*Massengale*, 267 F.3d at 1301 (quoting *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir.1996)). Here, the district court found that the Plaintiffs had filed a pleading advancing claims that had no possible chance of success. After carefully reviewing the district court's first dismissal order and the Plaintiffs' Second Amended Complaint, we conclude, for two related reasons, that the district court abused its discretion in imposing sanctions.

First, there is scant on-point authority to guide the reasonable lawyer to the conclusion that, with the RICO claims in the Second Amended Complaint, he either had no reasonable chance of success or was advancing an unreasonable argument to change existing law. Though we have concluded that the Second Amended Complaint does not state viable RICO claims, we are unable to conclude that only an unreasonable lawyer would have made these claims.

Second, the district court's order dismissing the claims in the First Amended Complaint did not give such a clear warning not to refile under RICO that only an unreasonable lawyer would have repleaded RICO claims. The district court's sanctions order gives particular consideration to its first dismissal warning that RICO was not a proper remedy. The court states that its first dismissal order clearly stated that RICO was not an available remedy, and reasons that the order would have put any reasonable lawyer on notice that the RICO claims had no chance of success. While the district court's first dismissal does state that RICO is not the proper remedy for Plaintiffs to pursue, the order also points out the pleading defects in the Plaintiffs' RICO claims and gives the Plaintiffs leave to file a Second Amended Complaint. This approach created an ambiguity. Based on this ambiguity, a reasonable lawyer could interpret the order as inviting better-pleaded RICO claims. Thus, we cannot say, in light of the first dismissal order, that a reasonable lawyer must have known that improved RICO claims would have no reasonable chance of success.

In light of the paucity of controlling precedent and the district court's first dismissal order, Plaintiffs' counsel were not unreasonable in pleading the RICO claims in the Second Amended Complaint. Therefore, we conclude that the district court abused its discretion in imposing sanctions.

## VI. CONCLUSION

The district court's dismissal of the action is affirmed; because the district court abused its discretion in awarding sanctions, the district court's imposition of sanctions is reversed.

AFFIRMED IN PART; REVERSED IN PART.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By:
Deputy Clerk
Atlanta, Georgia

U.S. Court of Appeals, Eleventh Circuit—West, a Thomson business.

# United States Court of Appeals

Eleventh Circuit

56 Forsyth Street, N.W.
Atlanta, Georgia  30303

RECEIVED

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

January 22, 2004

Sheryl L. Loesch
Clerk, U.S. District Court
801 N. Florida Ave., Room 220
Tampa  FL  33602

RE: 02-14089-JJ      Eugene C. Anderson v. Smithfield Foods
DC DKT NO.:  01-00441 CV-T-17

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued
as the mandate of this court.

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed
to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's
decision, is also being mailed to counsel and pro se parties. A copy of the court's decision
was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

The Clerk shall return the exhibits and the record on appeal on a later date.

Encl.

MDT-1 (12-2003)